STARN ● O'TOOLE ● MARCUS & FISHER
A Law Corporation

| | |
|---|---|
| SHARON V. LOVEJOY | 5083 |
| LINDSAY E. ORMAN | 9933 |
| KARI NOBORIKAWA | 11600 |

733 Bishop Street, Suite 1900
Pacific Guardian Center, Makai Tower
Honolulu, Hawai'i 96813
Telephone: (808) 537-6100

Attorneys for Plaintiff
KOMAR MAUI PROPERTIES I LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KOMAR MAUI PROPERTIES I LLC, a Hawaii limited liability company,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF MAUI; COUNTY OF MAUI DEPARTMENT OF ENVIRONMENTAL MANAGEMENT; JOHN DOES 1-10; JANE DOES 1-10; DOE ENTITIES 1-10; DOE GOVERNMENTAL UNITS 1-10,<br><br>　　　　　　　Defendants. | CIVIL NO. 1:24-cv-00178<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**; EXHIBIT A; DEMAND FOR JURY TRIAL; SUMMONS |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff KOMAR MAUI PROPERTIES I LLC ("***Komar***"), by and through its undersigned attorneys, alleges as follows:

2998904

## INTRODUCTION

1. Approximately 30 years ago, the County of Maui ("*County*") proposed a landfill project to be developed in Kahului, Maui (the "*Project*"). The Project included what the County referred to in the final environmental impact statement as "Phase VI," which was proposed to be developed on an approximately 19.663-acre parcel identified by Tax Map Key No. (2) 3-8-3-20 ("*Parcel 20*"). To obtain necessary land use permits, the County submitted the final environmental impact statement regarding the Project, which was accepted in April 1996 ("*1996 FEIS*").

2. The 1996 FEIS addressed only the "planning" stages of Phase VI (which had not yet been designed), and evaluated certain potential environmental impacts associated with the Project. Significantly, the 1996 FEIS described that the Project, including Phase VI, would be completed by 2016. However, no part of Phase VI of the Project has been developed.

3. Plaintiff Komar is the fee simple owner of Parcel 20.

4. On August 8, 2023, wildfires ravaged Lahaina and other areas. There are currently 400,000 cubic yards of debris from the fires being removed and stored at Lahaina and Olowalu on a temporary basis. The County has announced and designated Parcel 20 as the permanent disposal site for the Lahaina fire debris. However, **the County has acknowledged that only a portion of Parcel 20 is needed to accommodate the fire debris**. According to the County's April 8, 2024

2

press release, the County plans to use 8-10 acres of Parcel 20 for Lahaina fire debris - and to use the rest of Parcel 20 for an MSW (municipal solid waste) landfill as part of the County's long-term landfill plan.

5.  The County's press release can be found on the official website for Maui County at https://www.mauicounty.gov/CivicAlerts.aspx?AID=13359, and begins with the following statement: "We are greatly appreciative of Komar Maui Properties' announcement to donate five acres; however, our long-term landfill plan requires the full 20 acres for an MSW landfill for our residents," said Mayor Richard Bissen. "The County remains willing to pay the appraised value to acquire this parcel to address the need of the people of Lahaina and the long-term need of our residents."

6.  Approximately 25% of Parcel 20—or five (5) acres of land—is actually needed to accommodate the entirety of the fire debris. The remaining fifteen (15) acres[1] of Parcel 20 ("***Komar 15 Acres***") are **not** needed to accommodate the fire debris, which has been identified as 400,000 cubic yards of debris – or 363,000 tons.

7.  On April 5, 2024—nearly 30 years after the 1996 FEIS was completed—the Maui County Council adopted Resolution No. 24-57 (the "***Resolution***"), authorizing proceedings in condemnation by eminent domain for the acquisition of Parcel 20 (the "***Condemnation***") for the long-dormant Phase VI landfill Project, reactivating the Phase VI Project. A copy of the Resolution is

---

[1] Rounded to the nearest acre (19.663 – 5 for fire debris = 14.663 acres).

attached hereto as **Exhibit "A"**. The Resolution does not mention the use of Parcel 20 or the Phase VI Project for the Maui fire debris, or even mention the Maui fires.

8. The County has unlawfully taken physical action on Parcel 20 to advance the Phase VI Project. In or about the first week of April 2024, without notice to or authorization from Komar, representatives of the County entered Parcel 20 and broke ground to lay out certain infrastructure for the Phase VI Project by installing posts and cement footings throughout Parcel 20, including on the Komar 15 Acres.

9. The Governor's Tenth Proclamation Relating to Wildfires ("**Emergency Proclamation**"), among other things, suspends Chapter 343 of the Hawaii Revised Statutes "to the extent necessary to respond to the emergency." At most, the Emergency Proclamation suspending Chapter 343 applies to the 5 acres needed to accommodate the fire debris; accordingly, it does not apply to the Komar 15 Acres, which are not needed to accommodate the fire debris.

10. The 1996 FEIS has not been the subject of a supplemental environmental impact statement or other supplemental environmental review as to any part of Phase VI. Upon information and belief, this is because since at least 2017, the County has maintained that it does not intend to develop Phase VI, it plans "to build [its] expansion on another lot," and therefore it does "not need the lot [Komar] acquired."

11. The Hawaii Supreme Court has recognized "the public purpose served by [the Hawaii Environmental Protection Act] to 'ensure that environmental concerns are given appropriate consideration in decision making' such that 'environmental consciousness is enhanced, cooperation and coordination are encouraged, and public participation during the review process benefits all parties involved and society as a whole.'" *Unite Here! Local 5 v. City & County of Honolulu*, 123 Hawai'i 150, 180 (2010). The Hawaii Supreme Court has also required compliance with Hawaii's environmental review laws prior to implementation of any action that is subject to those laws (*e.g.*, *Sierra Club v. Dep't of Transp.*, 115 Hawai'i 299, 312 (2007)), and has held that an environmental review of a proposed action that has changed substantively, including as to timing, is no longer valid (*e.g.*, *Unite Here! Local 5*, 123 Hawai'i at 178).

12. Plaintiff asserts that the 1996 FEIS is stale, outdated, and otherwise deficient as pertains to a 2024 Phase VI landfill project. Not only are Phase VI landfill operations an increase in scope from the "planning" of Phase VI considered in the 1996 FEIS, in the past 28 years since the 1996 FEIS was completed, substantial changes have occurred on Maui including increases in population, traffic, changing water usage and water rights, and other changes that affect the area of the Phase VI Project. At a minimum, these changes raise substantial questions as to whether the

2024 Phase VI landfill project and operations may have a significant environmental effect beyond what was considered in the 1996 FEIS.

13. Further, the County has previously said it **does not need Parcel 20 for Phase VI** for its landfill operations (and the Komar 15 Acres are not needed for the fire debris). By proceeding with implementation of the 2024 Phase VI project without evaluating the increase in scope and the changes that have occurred since the 1996 FEIS, or the need for a MSW landfill on the Komar 15 Acres, and other alternatives to the proposed 2024 Phase VI action, these and other environmental concerns cannot be given appropriate consideration.

14. In light of these concerns, and specifically the Emergency Proclamation's limited application (suspending Chapter 343 of the Hawaii Revised Statutes only to the extent necessary to respond to the Maui fires), Komar seeks a declaration from this Court that before Defendants can move further forward in their implementation of the Phase VI landfill Project as to the Komar 15 Acres, they must prepare a supplemental environmental impact statement ("*Supplemental EIS*") updating the 1996 FEIS in compliance with the Hawaii Environmental Policy Act contained in Chapter 343 of the Hawaii Revised Statutes, and the Hawaii Administrative Rules, Title 11, Chapter 200.1, which govern environmental impact statements and supplemental environmental impact statements.

15. There is an actual and justiciable controversy between Komar and the Defendants as to whether environmental requirements have been met and thus whether the Condemnation is valid with respect to the Komar 15 Acres. To avoid irreparable harm to Komar, the intervention of this Court is necessary to ensure compliance with environmental review requirements and to protect Komar's constitutional rights and interest in the Komar 15 Acres.

## PARTIES

16. Plaintiff KOMAR MAUI PROPERTIES I LLC is a Hawaii limited liability company.

17. Defendant COUNTY OF MAUI DEPARTMENT OF ENVIRONMENTAL MANAGEMENT ("**DEM**") is a department of the executive branch of the County.

18. Defendant COUNTY OF MAUI (sometimes "**County**") is a political subdivision of the State of Hawaii.

19. Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE ENTITIES 1-10, and DOE GOVERNMENTAL UNITS 1-10 are persons, corporations, entities, or governmental units who may be involved in the implementation of the Phase VI Project on Parcel 20 and whose true names, identities, and capacities are presently unknown to Komar or its attorneys.

## JURISDICTION AND VENUE

20. Parcel 20 is located, and material events occurred, within the jurisdiction of the United States District Court for the District of Hawaii.

21. This Court has jurisdiction over this matter under 28 U.S.C. § 2201, 28 U.S.C. § 2202, and 28 U.S.C. 1332(a)(1). Complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.

22. Defendants are citizens of the State of Hawaii. *See Befitel v. Global Horizons, Inc.*, 461 F. Supp. 2d 1218, 1221 (D. Haw. 2006) (stating the rule that political subdivisions, such as counties, are citizens for purposes of diversity jurisdiction).

23. Komar's sole member is the Kosti Shirvanian and Marian Shirvanian Living Trust, whose trustees are Linda Shirvanian, Lisa Shirvanian-Wolfe and Kostina Hanessian. The Trustees are all citizens of California. Therefore, Komar is a citizen of California for the purposes of diversity jurisdiction. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Ryan v. Salisbury*, 380 F. Supp. 3d 1031, 1047 (D. Haw. 2019).

24. The County has valued Parcel 20 at $830,000 as set forth in the Resolution (though the value is substantially higher as the County's valuation fails to take into account the significant recurring revenues to be generated from the

property). The tipping fees[2] generated from the Lahaina Fire Debris alone will be over $38 Million.[3]

25. If the Defendants are permitted to move forward with Condemnation of the Komar 15 Acres for development of the Phase VI Project without a Supplemental EIS, Komar will be deprived of the full value of the Komar 15 Acres, which based on the County's own valuation number, is no less than $622,500.

26. Venue in the District of Hawaii is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

## FACTS COMMON TO ALL CLAIMS

### The 1996 FEIS Contemplated the "Phase VI" Landfill Would Be Completed Prior to 2016

27. The 1996 FEIS contemplated, among other things, a "Phase VI" county landfill on Parcel 20, which property was then in use as sugar cane land with plans for future quarry use.

28. While the 1996 FEIS described the proposed Project in some places as an "expansion" of the Central Maui Sanitary Landfill as it existed in 1996, the 1996 FEIS makes clear that the proposed Project including Phase VI on Parcel 20 is not a true lateral expansion because Phases IV, V and VI are separated from the then

---

[2] County of Maui Fees (July 1, 2024 to June 30, 2025)
[3] 363,000 tons x $1.06 per ton tipping fee = $38,478,000

Central Sanitary Landfill by Kalialinui Gulch and thus are not an "expansion" within the meaning of 40 CFR § 258.

29. As to Phase VI of the Project, the 1996 FEIS addresses only the *planning* of Phase VI and acknowledges that the Phase VI landfill would be designed at a later date, after future quarrying operations in the Phase VI area were completed. Among other things, the 1996 FEIS states that future quarry operations in the Phase VI area would produce a more detailed knowledge of the soil strata. The 1996 FEIS further states that a final closure plan for the Project will depend on whether Phases V and VI will be connected with Phase IV into one continuous cell, and thus a final closure plan "needs to be developed sometime in the future."

30. The 1996 FEIS identified the timing of Phase VI of the Project on Parcel 20 as being completed prior to 2016, stating that Phases IV, V, and VI of the proposed Project would accommodate the County's solid waste disposal needs through at least the year 2016.

**The County Entitled Parcel 20 for Landfill Use and Suggested & Encouraged Komar's Acquisition of Parcel 20**

31. In August 1996, DEM's predecessor, the Department of Public Works and Waste Management, Solid Waste Division, submitted a Special Permit Application to the State Land Use Commission for establishment and operation of a landfill project at Puunene, Maui. The special use permit was granted in July 1997

(Special Use Permit No. SP97-390). SP 97-390 was amended in May 2002, December 2004, March 2009, and August 2020.[4]

32. The March 2009 amendment to SP 97-390 expanded the permit area by approximately 41.2 acres, including some or all of Parcel 20 and also transferred SP 97-390 to DEM, among other things. In connection with the March 2009 expansion of the special permit area, DEM also applied for a special use permit from the Maui Planning Commission, which was granted in October 2008 (CUP 2008/003).

33. DEM and the County relied on the 1996 FEIS in requesting and obtaining the special use permits and other entitlements then required to develop a landfill on Parcel 20.

34. The Maui Planning Commission and State Land Use Commission relied on the 1996 FEIS in granting the special use permits for development of the Phase VI landfill.

35. In 2015, DEM suggested and encouraged Komar's affiliate to acquire Parcel 20 and develop it for landfill use. Komar acquired Parcel 20 in December 2015. At the time Komar acquired Parcel 20, Parcel 20 was included in DEM's special use permits for landfill use, SP 97-390 and CUP 2008/003, which relied on the 1996 FEIS.

### Since At Least 2017, the County Has Represented That It Does Not Need Parcel 20(Phase VI) for Central Maui Landfill Operations

---

[4] The County removed Parcel 20 from SP 97-390 in August 2020.

36. On or around October 13, 2017, then Mayor Alan Arakawa sent a letter to Komar acknowledging Komar's purchase of Parcel 20. The letter stated that the County did not need Parcel 20 for landfill use because the County planned to develop its landfill use on another parcel, and that the County did not intend to condemn Parcel 20. More specifically, the October 13, 2017 letter includes the following agreement from Mayor Arakawa regarding Komar's Parcel 20 property: "2. We acknowledge that we are going to build our expansion [of the County landfill] on another lot and as such, do not need the lot you acquired;" and "3. I also will restate that I have no intention of condemning your property [Parcel 20][.]"

37. In February 2018, the DEM filed a petition with the State Land Use Commission and the Maui Planning Commission to amend the special use permits for the Central Maui Landfill including Phase VI on Parcel 20 to, among other things, remove Parcel 20 from the special use permits.

38. In December 2019, among other things, the Maui Planning Commission approved the DEM's petition, removing Parcel 20 from CUP 2008/003. The County Department of Planning's report and recommendations to the Planning Commission in connection with Maui Planning Commission's action represented that the County no longer had any plans to incorporate Parcel 20 as part of the solid waste management operations at the Central Maui Landfill or otherwise use it as a landfill.

39. In August 2020, among other things, the State Land Use Commission approved the DEM's petition to remove Parcel 20 from SP97-390. The Land Use Commission's Findings of Fact reflect DEM's representation that DEM no longer had any plans to incorporate Parcel 20 as part of its solid waste management operations at the Central Maui Landfill or otherwise use Parcel 20 for a landfill.

40. Despite taking a position in the Resolution directly contrary to the October 2017 letter referenced above, and directly contrary to the County/DEM's prior representations in connection with removing Parcel 20 from the special use permits referenced above, the County is silent regarding the reason for its about-face. The Resolution fails to address why the County now needs Parcel 20 for landfill use when the County previously represented that it did not need Parcel 20 for landfill use and intended to use another parcel.

41. Virtually all testimony by the County and DEM in connection with the Resolution was limited to the pain and problems of Lahaina citizens and their inability to return home due to the fire debris. At the same time, there was essentially no testimony from the County or the DEM as to why Parcel 20 is needed to satisfy the long-term landfill needs of the County. Upon information and belief, the County and DEM have used the Maui wildfires to stir the emotions of the Maui County Council members and the community in order to take Komar's entire Parcel 20 at far less than

fair market value – while they admit the majority of Parcel 20 is not needed for the fire debris. Tellingly, the Resolution is silent as to Lahaina and the Maui fires.

## COUNT I
## DECLARATORY RELIEF
### (Compliance with HRS Chapter 343 and HAR §11-200.1-30)

42. Komar repeats and realleges the allegations contained in the preceding paragraphs of the Complaint as though set forth herein.

43. The Hawaii Environmental Protection Act ("**HEPA**") was enacted to "ensure that environmental concerns are given appropriate consideration in decision making along with economic and technical considerations;" its requirements are designed to "integrate the review of environmental concerns with existing planning processes of the State and counties and alert decision makers to significant environmental effects which may result from the implementation of certain actions." Haw. Rev. Stat. ("**HRS**") §343-1.

44. HEPA's administrative rules set forth the "system of environmental review at the state and county levels that. . . provide agencies and persons with procedures, specifications regarding the contents of exemption notices, environmental assessments (EAs), and environmental impact statements (EISs), and criteria and definitions of statewide application." Haw. Admin. R. ("**HAR**") §11-200.1-1.

45. HRS 343-5(a)(1) requires that an environmental review be conducted for actions using County lands or funds, and HRS § 343-5(a)(9) requires that an environmental review be conducted for any proposed landfill use.

46. HAR §11-200.1-30(a) provides: "An EIS that is accepted with respect to a particular action is usually qualified by the size, scope, location, intensity, use, and timing of the action, among other things. . . . If there is any change in any of these characteristics which may have a significant effect, the original EIS that was changed shall no longer be valid because an essentially different action would be under consideration and a supplemental EIS shall be prepared and reviewed as provided by this chapter."!

47. The adoption of the Resolution in April 2024 and the Defendants' work on Parcel 20 in early April 2024, including on the Komar 15 Acres, constitute implementation of Phase VI, nearly thirty years after the 1996 FEIS was accepted and at least eight years after Phase VI was expected to be completed.

48. The 1996 FEIS is limited to and based on data that is decades old and that contemplated implementation of Phase VI during a different time frame. In light of the significant delay in the implementation of Phase VI, the mitigating measures originally anticipated for the Phase VI landfill may not be implemented, and different or increased environmental impacts are likely that were not addressed in the 1996 FEIS. At a minimum, there are substantial questions as to whether the 2024

Phase VI landfill project and operations may have a significant environmental effect beyond what was considered in the 1996 FEIS.

49. The 1996 FEIS is further deficient as to Phase VI because it only considered the planning and not the design and execution of the Phase VI landfill. The 2024 Phase VI landfill project constitutes an increase in scope.

50. Since the 1996 FEIS was completed, DEM removed Parcel 20 from the special use permits for the Central Maui Landfill and represented that the DEM and County of Maui had no plans to use Parcel 20 in the future as part of its waste management operations.

51. The current implementation of Phase VI is essentially a different action than the "Phase VI" described in the 1996 FEIS and goes beyond the planning phase of Phase VI analyzed in the 1996 FEIS.

52. The Project has changed substantively in timing, among other things. *Cf.* HAR §11-200.1-30. The change in timing has or will result in change in anticipated mitigation measures, the need for the Phase VI landfill as to the Komar 15 Acres, and new or different anticipated impacts. The 1996 FEIS is therefore not valid with respect to implementation of the landfill Project currently being implemented on the Komar 15 Acres, and a Supplemental EIS is required.

53. An actual controversy exists between Komar and Defendants regarding whether environmental requirements have been met for the implementation of Phase

VI. The Condemnation for the Phase VI landfill, and possession and use of Parcel 20 by Defendants for development of the Phase VI landfill, cannot legally proceed as to the Komar 15 Acres without further environmental review.

54. Further, an actual controversy exists as to whether the Resolution has established a valid public use and purpose as to the Komar 15 Acres where DEM and the County have previously represented that Parcel 20 (Phase VI) are not needed for landfill use.

55. Court intervention is necessary to compel the preparation of a Supplemental EIS prior to further implementation of Phase VI on the Komar 15 Acres, including further actions to condemn the Property.

56. Under 28 U.S.C. § 2201, *et seq.*, Komar is entitled to a declaration by this Court that the Condemnation (and efforts to obtain possession while the Condemnation is pending) must not proceed with respect to the Komar 15 Acres unless and until the County completes a Supplemental EIS for the Komar 15 Acres and otherwise complies with Chapter 343 of the Hawaii Revised Statutes, including demonstration of a need for the Komar 15 Acres for landfill use notwithstanding the County's prior representations to the contrary.

## COUNT II
## INJUNCTIVE RELIEF

57. Komar repeats and realleges the allegations contained in preceding paragraphs of the Complaint as though set forth herein.

58. The Condemnation constitutes implementation of landfill use by Defendants on the Komar 15 Acres, in violation of chapter 343 of the Hawaii Revised Statutes.

59. The premature actions to implement Condemnation of the Komar 15 Acres is, upon information and belief, intended to take advantage of the Maui wildfires as an excuse to obtain the Komar 15 Acres at far less than fair market value.

60. If permitted to proceed, the Condemnation and related change of possession of the Komar 15 Acres will result in irreparable harm to Komar due to loss of possession of its property.

61. As a result, Komar requests that this Court (a) enjoin the Defendants from proceeding with the Condemnation as to the Komar 15; and (b) enjoin the Defendants from any further ground work on said property unless and until the requirements of HRS Chapter 343 are met, the County demonstrates a need for the Komar 15 Acres for landfill use, and the County has legal possession of the property.

WHEREFORE, Komar prays for judgment against DEM as follows:

A. A declaratory judgment that a Supplemental EIS must be prepared for the Phase VI project on the Komar 15 Acres and submitted in accordance with HEPA;

B. An injunction against any further action to condemn the Komar 15 Acres for the Phase VI project or any other landfill project, and against any further ground work by or on behalf of Defendants until a Supplemental EIS is completed;

C. Other appropriate preliminary and permanent injunctive relief;

D. Reasonable attorneys' fees and costs; and

E. Any other relief that the Court deems just and appropriate.

DATED:  Honolulu, Hawaii, April 17, 2024.

/s/ Lindsay E. Orman
SHARON V. LOVEJOY
LINDSAY E. ORMAN
KARI NOBORIKAWA

Attorneys for Plaintiff
KOMAR MAUI PROPERTIES I LLC